# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE WARREN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WINCO FOODS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00594-SAB<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION<br><br>(ECF No. 35)<br><br>SEVEN DAY DEADLINE |

　　　On October 6, 2022, a scheduling order issued setting the nonexpert discovery deadline for July 29, 2023. (ECF No. 19.) The scheduling order has not been modified in this action. In the past approximately 45-day period, Plaintiff and Defendants have each filed motions to compel discovery and for sanctions, and withdrawn such motions prior to adjudication. (See ECF Nos. 27, 30, 32, 34.) On the eve of the nonexpert discovery deadline, July 28, 2023, Defendants filed an *ex parte* application to extend the trial date and all associated dates and deadlines. (ECF No. 35.)

　　　The filing indicates that the extension is for the limited purpose to allow Defendants to obtain Plaintiff's medical records, complete Plaintiff's deposition, engage in any additional discovery related thereto, and have sufficient time to file a dispositive motion, engage in expert discovery, and prepare for trial. Specifically, Defendants proffer they have taken, but not completed, Plaintiff's deposition and are also awaiting receipt of Plaintiff's medical records; and that the current case deadlines do not provide Defendants sufficient time to review such

1 testimony and prepare a dispositive motion, to conduct expert discovery and adequately prepare 2 for trial.  Defendants argue the request for *ex parte* relief is appropriate because Defendants 3 cannot obtain relief upon regular notice and because the fact discovery cut-off expired the day 4 after the filing.  Defendants proffer they were unable to take Plaintiff's deposition until July 26, 5 2023, because Plaintiff failed to provide her availability for deposition and executed HIPAA 6 authorization for months.  Defendants also submit they have attempted to negotiate in good faith 7 a stipulation to extend the deadlines, but have not been able to reach an agreement with Plaintiff; 8 and while the parties were able to reach agreement regarding the extension of case deadlines, and 9 the vast majority of depositions Plaintiff seeks, the parties have been unable to reach a global 10 agreement, "in particular because Plaintiffs seek an unbridled amount of discovery due to their 11 own delay." (ECF No. 35 at 6.)

12      In the interest of expediency, the Court shall order Plaintiff to submit an opposition to the 13 *ex parte* application within seven (7) days.  If Plaintiff requires additional time or would prefer 14 this matter be set for hearing, Plaintiff may indicate in the filing.  Alternatively, the parties may 15 submit a stipulation, submit this dispute to the Court's informal discovery dispute procedure, or 16 may request an informal status conference to discuss the matter without the need for additional 17 briefing, by contacting the Courtroom Deputy.

18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Within **seven (7) days** of entry of this order, Plaintiff shall file an opposition to the Defendants' *ex parte* application;

2. If Plaintiff files an opposition, Defendants may file a reply within three (3) days of service of the opposition; and

3. The parties may alternatively stipulate to a modification, or request either a hearing be held on the application, an informal discovery dispute conference, or an informal status conference, to further discuss this matter.

IT IS SO ORDERED.

Dated:  **July 31, 2023**

UNITED STATES MAGISTRATE JUDGE

3