# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE WARREN, | Case No. 1:22-cv-00594-SAB |
| Plaintiff, | ORDER GRANTING DEFENDANTS' *EX PARTE* MOTION IN PART AND DENYING IN PART |
| v. | |
| WINCO FOODS, LLC, et al., | ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION IN PART AND DENYING IN PART |
| Defendants. | |
| | (ECF Nos. 35, 36, 37, 38, 38, 39, 40, 41, 42) |

## I.

## INTRODUCTION

Currently before the Court are the parties' cross *ex parte* motions for modification of the scheduling order. Having considered the parties' briefing papers, the declarations and exhibits attached thereto, as well as the Court's file, the Court issues the following order granting in part and denying in part Defendant's *ex parte* motion; and granting in part and denying in part Plaintiff's *ex parte* motion.

## II.

## BACKGROUND

On April 19, 2022, Plaintiff filed her complaint against Defendants in the Superior Court for the County of Stanislaus, alleging claims for: (1) disability or medical condition discrimination in violation of the Fair Employment and Housing Act, California Government

Code § 12940, *et seq.* (hereinafter "FEHA"); (2) failure to accommodate a disability in violation of FEHA; (3) failure to engage in the interactive process in violation of FEHA; (4) failure to prevent discrimination in violation of FEHA; (5) retaliation for requesting accommodation in violation of FEHA; (6) retaliation for exercising rights under the California Fair Employment and Housing Act, Cal. Gov. Code § 12945.2 *et seq.* ("CFRA"); (7) wrongful termination in violation of public policy; and (8) defamation.  (See ECF No. 1.)  On May 19, 2022, Defendants filed an answer in the state court and removed this action to the United States District Court for the Eastern District of California.  (Id.)  On August 1, 2022, the Court denied Plaintiff's motion to remand.  (ECF No. 12.)  At the hearing regarding Plaintiff's motion for remand, the parties agreed that the first amended complaint, which Plaintiff filed in state court on May 27, 2022, a to correct the name of the employer Defendant to WinCo Holdings, Inc., is the operative complaint.  (See ECF No. 12 at 5:5-8.)

On October 6, 2022, a scheduling order issued setting among other deadlines, a nonexpert discovery deadline of July 29, 2023, a dispositive motion filing deadline of August 18, 2023, an expert discovery deadline of December 4, 2023, and a trial date of February 27, 2024.  (ECF No. 19.)  The scheduling order has not been modified in this action.  In June and July of 2023, Plaintiff and Defendants filed motions to compel discovery and for sanctions, and withdrew such motions prior to adjudication.  (See ECF Nos. 27, 30, 32, 34.)

On the eve of the nonexpert discovery deadline, Friday July 28, 2023, Defendants filed an *ex parte* application to extend the trial date and all associated dates and deadlines.  (Defs.' *Ex Parte* Mot. Mod. Sched. O. ("Defs.' Mot."), ECF No. 35.)  On July 31, 2023, the Court set a briefing schedule on the motion, requiring an opposition to be filed within seven (7) days of the order, and a reply within three (3) days of the opposition.  (ECF No. 37.)  On August 7, 2023, Plaintiff filed an opposition to Defendants' motion.  (Pl.'s Opp'n Defs.' Mot. ("Pl.'s Opp'n"), ECF No. 37.)  On August 9, 2023, Plaintiff filed her own *ex parte* motion to modify the scheduling order.  (Pl.'s *Ex Parte* Mot. Mod. Sched. O. ("Pl.'s Mot."), ECF No. 38.)  On August 10, 2023, the Court issued an order setting a hearing on both motions for August 16, 2023, and requiring Defendants to file any opposition prior to the close of business on August 14, 2023.

1 (ECF No. 39.)

2     On August 10, 2023, Defendants filed a reply to Plaintiff's opposition.  (Defs.' Reply

3 Pl.'s Opp'n ("Reply"), ECF No. 40.)  On August 11, 2023, Defendants filed a notice of errata

4 indicating the declaration that was supposed to be attached to the reply brief was erroneously not

5 included.  (See ECF No. 41; Decl. Bradley Doucette Supp. Reply ("Doucette Decl."), ECF No.

6 41 at 4.)  On August 14, 2023, Defendants filed an opposition to Plaintiff's *ex parte* motion.

7 (Defs.' Opp'n Pl.'s Mot. ("Def.'s Opp'n"), ECF No. 42.)  On August 15, 2023, the Court vacated

8 the August 16, 2023, hearing on the parties' cross-motions.  (ECF No. 43.)

9                                                           **III.**

10                                         **LEGAL STANDARD**

11     This Court generally has significant discretion and authority to control the conduct of

12 discovery.  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).  Federal Rule of Civil

13 Procedure 16(b) provides that the district court must issue a scheduling order that limits "the

14 time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R.

15 Civ. P. 16(b)(1)–(3).  A scheduling order "may be modified only for good cause and with the

16 judge's consent."  Fed. R. Civ. P. 16(b)(4).

17     The "good cause" standard "primarily considers the diligence of the party seeking the

18 amendment," and the Court "may modify the pretrial schedule if it cannot reasonably be met

19 despite the diligence of the party seeking the extension."  Johnson v. Mammoth Recreations,

20 Inc., 975 F.2d 604, 609 (9th Cir. 1992) (internal citation and quotations omitted).  The prejudice

21 to other parties, if any, may be considered, but the focus is on the moving party's reason for

22 seeking the modification.  Id.  If the party seeking to amend the scheduling order fails to show

23 due diligence, the inquiry should end and the court should not grant the motion to modify.

24 Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing

25 Johnson, 975 F.2d at 609).  "Relevant inquiries [into diligence] include: whether the movant was

26 diligent in helping the court to create a workable Rule 16 order; whether matters that were not,

27 and could not have been, foreseeable at the time of the scheduling conference caused the need

28 for amendment; and whether the movant was diligent in seeking amendment once the need to

amend became apparent." <u>United States ex rel. Terry v. Wasatch Advantage Grp., LLC</u>, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original).

It is "significant" when a party is seeking a "retroactive reopening" of discovery rather than extending the discovery deadline. <u>W. Coast Theater Corp. v. City of Portland</u>, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." <u>Id.</u> When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the Court is to "consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." <u>City of Pomona v. SQM N. Am. Corp.</u>, 866 F.3d 1060, 1066 (9th Cir. 2017).

## IV.

## DISCUSSION

The Court first summarizes the timeline of events and some of the parties' arguments as related to certain times and events, as contained in the parties' initial briefing presented to the Court.

### A.    Defendants' Initial Motion and Framing of Timeline of Events

Defendants move for a continuance of the trial set for February 27, 2024, and all associated pretrial deadlines, "for the limited purpose to allow Defendants to obtain Plaintiff['s] medical records, complete Plaintiff's deposition, engage in any additional discovery related thereto, and have sufficient time to file a dispositive motion, engage in expert discovery, and prepare for trial." (Defs.' Mot. 2.)

From November 2022 through February 2023, the parties engaged in informal settlement negotiations and agreed to defer discovery and depositions pending the outcome of negotiations.

1  (Defs.' Mot. 4; Decl. Tiffany Tran Supp. Defs.' Mot. ("Tran Decl.") ¶ 2, ECF No. 35-1 at 2.)  On

2  or about February 24, 2023, Plaintiff informed Defendants that she was obtaining new counsel

3  and ended settlement negotiations.  (Id.)[1]

4       Plaintiff's new counsel requested an extension on outstanding written discovery to allow

5  them to get up to speed on the case.  (Defs.' Mot. 5; Tran Decl. ¶ 3.)  Defendants granted the

6  extension with the agreement that Plaintiff would provide her deposition availability upon

7  service of outstanding written discovery. (Id.)  From May to June 2023, Defendants requested

8  Plaintiff's deposition availability at least ten (10) times, with no response.  (Id.)  On June 28,

9  2023, Plaintiff provided deposition dates that fell in the week of the July 29, 2023, nonexpert

10  discovery deadline.  (Id.)  Defendants secured the earliest of those dates on which counsel and

11  Defendants were available, specifically July 26, 2023.  (Id.)  From April 28, 2023, to June 29,

12  2023, Defendants also attempted at least ten (10) times to obtain Plaintiff's executed HIPAA

13  authorization in connection with Defendants' subpoenas for Plaintiff's, medical records to allow

14  Defendants to assess her allegations of emotional distress.  (Defs.' Mot. 5; Tran Decl. ¶ 4.)

15  Plaintiff did not respond.  (Id.)

16       After Plaintiff failed to provide any objection or response to Defendants' request for

17  production attaching the HIPAA authorization, Defendants filed a motion to compel the HIPAA

18  authorization.  (Defs.' Mot. 5; see ECF No. 27.)  Thereafter, Plaintiff ultimately executed and

19  provided the HIPAA authorization to her medical providers.  (Defs.' Mot. 5; Tran Decl. ¶ 4.)

20  Despite having a July 15, 2022 production date, as of the date of the motion, July 28, 2023,

21  Defendants still await receipt of Plaintiff's medical records from these third-party providers.

22  (Id.)

23       On July 26, 2023, Defendants took, but did not complete, Plaintiff's deposition "given

24  the complexity and fact-intensive issues surrounding Plaintiff's allegations."  (Defs.' Mot. 5;

25

26  [1]  On March 8, 2023, the Court denied Plaintiff's request for substitution of attorney as counsel Mohamed Ahmed Eldessouky, of Eldessouky Law, was not then admitted to practice in the Eastern District of California.  (ECF No.

27  24.)  On March 29, 2023, Plaintiff filed a renewed request for substitution, and on March 30, 2023, the Court entered an order granting Plaintiff's substitution of counsel matter, and directing the Clerk of the Court to substitute Mohamed Ahmed Eldessouky as attorney of record for Plaintiff and to terminate attorney Amanda B. Whitten as

28  attorney in this matter.  (ECF No. 25.)

1   Tran Decl. ¶ 5.)  Defendants left the deposition open for topics of examination that remain

2   outstanding, including her allegations of emotional distress given that her medical records also

3   remain pending, and the parties agreed to meet and confer regarding a second day to complete

4   the deposition.  (Id.)  Defendants further proffer that additional discovery may be needed

5   depending on any issues arising from Plaintiff's deposition. (Defs.' Mot. 6; Tran Decl. ¶ 4.)  In

6   this regard, Defendants proffer that Plaintiff, for the first time a the deposition, made new

7   contentions that were not previously made in her discovery responses or complaint regarding her

8   attendance infractions that led to the termination of her employment.  (Id.)

9        Defendants proffer the parties have engaged in significant meet and confer efforts to try

10   and prepare a joint stipulation to continue the trial and related deadlines.  (Defs.' Mot. 6; Tran

11   Decl. ¶¶ 6, 7.)  In seeking to continue the trial and related deadlines for the aforementioned

12   discovery, "and despite Plaintiff's dilatory conduct, Defendants agreed to allow Plaintiff to take

13   relevant and proportional depositions of party and percipient witnesses [and] . . . although the

14   parties agreed to continue the case deadlines, they were unable to come to an agreement as to

15   what outstanding discovery items should be permitted, in particular because of Plaintiff's

16   intention to seek an unbridled amount of discovery due to her own delay," forcing Defendants to

17   file the ex parte motion.  (Id.)

18        Defendants argue good cause exists to continue the fact discovery cut-off to allow

19   completion of Plaintiff's deposition, and any discovery arising therefrom, as despite diligently

20   seeking discovery throughout the case, Defendants were unable to take Plaintiff's deposition

21   until July 26, 2023, two days before the effective fact discovery cut-off.  Defendants argue this

22   was solely due to Plaintiff's delay in providing deposition dates, and that given the complexity

23   and fact-intensive issues in the case, Defendants were not able to complete Plaintiff's deposition.

24   Additionally, Defendants emphasize they are still awaiting receipt of Plaintiff's medical records

25   despite their diligence in seeking Plaintiff's executed HIPAA authorizations, and argue these

26   records are necessary to allow Defendants to evaluate and question Plaintiff regarding her claims

27   of emotional distress.

28        Defendants argue they attempted for months to obtain Plaintiff's availability for

1  deposition and the executed HIPAA authorization, with *no* response from Plaintiff., and that it

2  was only after Defendants filed the motion to compel the authorizations that Plaintiff finally

3  responded and provide executed authorizations.  Defendants also note they have not previously

4  asked for an extension of the discovery deadlines.

5       Defendants argue they have engaged in good faith negotiations to extend the deadlines,

6  but have not been able to reach an agreement with Plaintiff, and while the parties were able to

7  reach agreement regarding the extension of case deadlines, and the vast majority of depositions

8  Plaintiff seeks, the parties were unable to reach a global agreement, in particular because

9  Plaintiffs seek an unbridled amount of discovery due to their own delay.  (Tran Decl. ¶¶ 6, 7.)

10      **B.     Plaintiff's Primary Arguments and Timeline of Events**

11      Plaintiff proffers that for weeks, Defendants led Plaintiff to believe that they would be

12  filing a stipulation to extend the discovery cutoff for 90-days to allow Plaintiff to conduct certain

13  depositions, only to impose last minute conditions that would prevent Plaintiff from fully

14  exploring all relevant facts in this case; and just a few hours before the discovery cutoff,

15  Defendant backed out of its agreement and unilaterally filed its *ex parte* application to continue

16  trial and all related deadlines (except for any ability of Plaintiff to conduct any discovery).  (Pl.'s

17  Opp'n 2.)  Plaintiff suggests the parties are essentially seeking the same extension of trial and

18  most related deadlines, except that Defendants seek to gain an unfair advantage over Plaintiff by

19  depriving her of the right to conduct any further discovery while they get carte blanche to

20  continue discovery and simultaneously obtain a 3-month extension of the dispositive motion

21  filing deadline.

22      Plaintiff argues Defendants' motion presents an incomplete picture of the parties'

23  respective efforts to obtain discovery and their meet and confer on various discovery issues and

24  the instant extensions.  Plaintiff argues the motion "relies on exaggerated, misleading, and

25  inaccurate facts[,]" when the parties are actually in equal footing with respect to their efforts to

26  conduct necessary discovery.  Plaintiff suggests the differing being she is at a slight disadvantage

27  given the fact of having to seek new counsel just a few months ago.  Plaintiff argues Defendants

28  should not be rewarded for the tactics their counsel has employed towards depriving Plaintiff

1   from obtaining the discovery she has requested and her continuous efforts to reach amicable

2   resolution without having to waste the Court's time and resources.  (Pl.'s Opp'n 2-3.)

3        In the opposition, Plaintiff requests that the Court continue the trial and all related

4   deadlines, except for the dispositive motion deadline, to allow the parties to conduct further

5   discovery.  Specifically, Plaintiff proffers discovery for Defendants should be extended to obtain

6   Plaintiff's medical records from the four medical providers to which they issued subpoenas, and

7   to complete Plaintiff's deposition.  Plaintiff also requests discovery be extended to allow for

8   Plaintiff to complete the following ten (10) depositions: (1) a 30(b)(6) deposition of WinCo's

9   Person Most Qualified; (2) Defendant Justin Lamb; (3) Mary Moxley; (4) Kellee Cotton-

10  Higgenbotham; (5) Berenice Vega; (6) Benjamin Arroyo; (7) Josh Hammons; (8) Josh Clack; (9)

11  Mario Aranda; and (10) Jennifer Solecki.  Plaintiff further states she should be allowed to

12  conduct further discovery that the depositions and Defendants' supplemental discovery responses

13  served the day before the discovery cutoff reveal is necessary.  (Pl.'s Opp'n 3.)

14       1.   Plaintiff's Timeline

15       On January 31, 2023, Plaintiff's former counsel, Amanda Whitten, informed Defendants

16  that Plaintiff was going to have another attorney take over her representation, requested a 30-day

17  extension on the pending discovery requests in order to allow new counsel time to take over the

18  case, and Defendants granted the extension and asked to be kept informed on the substitution

19  efforts.  (Decl. Maria E. Garcia Supp. Pl.'s Opp'n ("Garcia Decl.") ¶10, Ex. 1, ECF No. 37-1 at

20  11-13.)[2]  On February 24, 2023, Ms. Whitten informed Defendants that Plaintiff had retained

21  Mohamed Eldessouky to take over her representation.[3]  (Garcia Decl., ¶ 11, Ex. 1.)  As noted

22  above, it was not until March 30, 2023, that the Court approved Mohamed Eldessouky's

23  substitution as Plaintiff's new counsel.  (ECF No. 25.)

---

24  [2]  Here, Plaintiff suggests a belief that Defendant's counsel, is confusing the communications between counsel with
25  respect to the extension Plaintiff requested to serve discovery responses and her representation that she granted
    Plaintiff's new counsel an extension on outstanding discovery with the agreement that Plaintiff would provide her
26  deposition availability upon service of the outstanding written discovery.  Plaintiff submits this "belief is based on
    not being able to locate any email or notes confirming these communications and Ms. Tran not having included
27  these communications as exhibits."  (Pl.'s Opp'n 5 n.1.)

28  [3]  Plaintiff's current counsel states she is not aware of any settlement negotiations that Defendants contend they had
    with Plaintiff's previous counsel, as set forth in the Declaration of Ms. Tran at ¶ 3.  (Pl.'s Opp'n 5 n.2.)

On May 8, 2023, which Plaintiff emphasizes is almost a year after the answer in this case, Defendants requested availability for the deposition of Plaintiff, which Plaintiff emphasizes was for dates after June 19, 2023.  (Garcia Decl., ¶ 12 Ex. 2, ECF No. 37-1 at 19.)  The Court notes this email also states: "[f]ollowing up, please let us know the status of Plaintiff's signed HIP[A]A authorization.  As outlined in our prior correspondence, WinCo needs this document in order to seek the basic discovery."  (Id.)  This email is followed up by an email from Defendants' counsel on May 26, 2023, wherein Ms. Tran states "[a]s you know, we served an RFP seeking Plaintiff's execution [of] the HIPAA authorization.  However, we would appreciate an executed copy as soon as possible.  Please let us know if your client is available for deposition on June 29."  (Id.)[4]

On June 8, 2023, Defendants sent an email asking if Plaintiff was available for her deposition on June 29 and advising that if no response was received the deposition would be unilaterally set for that date.  (Garcia Decl. ¶ 15, Ex. 2, ECF No. 37-1 at 16.)  On June 8, 2023, Plaintiff's counsel confirmed Plaintiff was not available on June 29, and Plaintiff's counsel stated she would reach out to Plaintiff and provide an update on availability.  (Id.)  On June 9, 2023, Defendants inquired if Plaintiff was available for deposition on July 6.  (Ex. 2, ECF No. 37-1 at 15-16.)  Plaintiff confirmed she was not, and Defendants asked for two alternative dates before July 14.  (Id. at 15.)

On June 13, 2023, Defendants sent an email to Plaintiff stating that they had not yet received Plaintiff's response to Request for Production of Documents, Set Two, and requested Plaintiff's response immediately.  (Garcia Decl. ¶ 16, Ex. 3, ECF No. 37-1 at 34-35.)  Defendants requested three available dates for Plaintiff's deposition to occur before July 14, 2023.  (Id.)  The next day, June 14, 2023, Defendants followed up on the email from the day before, again requesting for a response concerning the production, and deposition dates.  (Id. at 34.)

On June 20, 2023, Defendants sent an email informing Plaintiff that they would be filing

---

[4] Here, Plaintiff states the "authorization Defendants requested Plaintiff execute had no limitations on the scope, they were not even limited to only the providers at issue, and requested documents dating back to January 2013." (Pl.'s Opp'n 5 n.3.)

a motion to compel Plaintiff's response to WinCo's RFP, Set Two, and following up on their request for dates for Plaintiff's deposition and requested availability for a phone call to discuss Plaintiff's deposition.  (Garcia Decl. ¶ 17, Ex. 3, ECF No. 37-1 at 33.)

On June 20, 2023, Plaintiff's counsel, Maria E. Garcia, informed Defendants that she was going to assist Mr. Eldessouky in the representation of Ms. Warren in this case and inquired if Defendants were available on June 24, 2023 to discuss outstanding discovery.  (Garcia Decl. ¶ 18 Ex. 3, ECF No. 37-1 at 32-33.)[5]

On June 20, 2023, Defendants replied to Plaintiff's email stating: "[r]espectfully, there is nothing further to discuss regarding Plaintiff's failure to respond to WinCo's RFP Set 2. Plaintiff failed to respond, and we have attempted since to secure a response with a fully executed HIPAA authorization with no cooperation.  WinCo will move to compel a response and asks whether Plaintiff will stipulate to have the motion heard on a shortened timeframe.  Please let us know if you will so stipulate by 5 pm tomorrow, as requested."  (Ex. 3, ECF No. 37-1 at 32.)  Despite Plaintiff's "explicit advisement that she was willing to cooperate with Defendants and clearly requesting availability for June 24, 2023, Defendants' counsel demanded a call on June 21 and 22."  (Garcia Decl. ¶ 18.)  Plaintiff also proffers Defendants prematurely filed the motion to compel Plaintiff to sign the HIPAA authorization, which was filed on June 21, 2023. (See EFC No. 27.)

Specifically, on June 21, 2023, Plaintiff replied advising of disappointment by Defendants' refusal to allow sufficient time to thoroughly review the case and adequately address the concerns Defendants had raised.  (Garcia Decl. ¶ 19 and Ex. 3, ECF No. 37-1 at 30-31.)  Plaintiff's counsel Ms. Garcia informed Defendants that she was challenging the service of the RFP Set Two, and provided legal arguments regarding the HIPAA authorization. (Id.) Although Plaintiff believes that Defendants' demand for Plaintiff to sign the HIPAA authorization was not supported by the facts and authority proffered, Plaintiff confirmed her

---

[5] Specifically, this appears to be counsel Ms. Garcia's first communication in the case, in that she states: "Please allow me to introduce myself.  I will be handling this matter, along with Mr. Eldessouky, going forward.  Kindly update your service list.  Are you available a call for a call on Friday to discuss the outstanding discovery?"  (ECF No. 37-1 at 33.)

1    willingness to further meet and confer and provided availability for June 24, 2023.  (Id.)
2    Plaintiff contends that Defendants ignored Plaintiff's willingness to cooperate to avoid motion
3    practice and filed their motion to compel.  (Garcia Decl. ¶ 20.)  Defendants accused Plaintiff of
4    gamesmanship and not meeting and conferring until Defendants filed their motion.  (Ex. 3, ECF
5    No. 37-1 at 29.)  Plaintiff's counsel Ms. Garcia proffers she "was completely unaware of the
6    motion since Defendants failed to serve her although they were clearly on notice that she was
7    representing Plaintiff and her explicit request to be added to the service list."  (Pl.'s Opp'n 7;
8    Garcia Decl. ¶ 20.)[6]  Despite the motion to compel, Plaintiff remained willing to cooperate.  (Id.)
9    On June 23, 2023, counsel met and conferred, and Plaintiff agreed to sign the HIPAA
10   authorizations upon Defendant narrowing the period for the requested records.  (Id.)  In this call,
11   Plaintiff also agreed to provide deposition dates by June 26, 2023.  (Id.)

12        On June 28, 2023, Plaintiff's counsel provided availability for Plaintiff's deposition: July
13   25, 26 or 27, however, Defendants did not confirm a date for Plaintiff's deposition until it served
14   its notice on July 6, 2023.  (Garcia Decl. ¶ 21, Ex. 3.)  On June 28, 2023, Plaintiff's counsel Ms.
15   Garcia realized that the nonexpert discovery deadline was only 30 days away, and sent an email
16   to Defendants asking for availability before July 28, 2023, for the following depositions: (1)
17   PMQ;[7] (2) Justin Lamb; (3) Kellee Cotton-Higgenbotham; (4) Jennifer Solecki; (5) Berenice

18
19   [6]  The Court finds Plaintiff's aversions to Defendants' failure to add her to a service list unavailing.  See L.R. 135(a)
20   (" 'Service' as utilized in these Rules includes electronic service as set forth in the CM/ECF procedures in these
     Rules.  'Notice of Electronic Filing' is a notice automatically generated by CM/ECF at the time a document is filed
21   with the system.  This Notice will constitute automatic service of the document on all others.  This Notice will set
     forth the time of filing, the name of the parties and attorney(s) filing the document, the type of document, the text of
22   the docket entry, the name of the parties and/or attorney(s) receiving the notice, and an electronic link (hyperlink) to
     the filed document that allows recipients to retrieve the document automatically.  Service via this electronic Notice
     constitutes service pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Fed. R. Crim. P. 49.").

23   [7]  The Court uses the term "PMQ" here because that is the term that was communicated in the email.  Herein, the
     Court generally uses the terms as used by the parties when the Court discusses their communications.  However, to
24   be clear, the standards applicable under Federal Rule of Civil Procedure 30(b)(6) are different than the PMQ and
     PMK terms generally associated with California law.   See Cannavan v. Cnty. of Ventura, No.
25   CV2010012FMOPVCX, 2021 WL 4945186, at *5 (C.D. Cal. July 16, 2021) ("Both parties repeatedly refer to
     30(b)(6) depositions as "PMK" depositions, which may be the source of the confusion here. The standards applying
26   to 30(b)(6) witnesses under federal law and to "PMK" witnesses under California state law overlap in part but are
     not interchangeable."); Century 21 Real Est., LLC v. All Pro. Realty, Inc., No. 2:10-CV-2751 WBS GGH, 2012 WL
27   2116409, at *2 n.3 (E.D. Cal. June 6, 2012) ("The correct terminology under the federal rules is a Rule 30(b) (6)
     witness, a deponent who will testify about 'information known or reasonably available to the organization[,]' . . .
28   [while] [t]he terminology used in the California analog to Rule 30(b)(6), the 'person most knowledgeable' or PMK,
     [footnote continued on following page]

Vega; (6) Benjamin Arroyo; (7) Joshua Clack; (8) Mario Aranda; and (9) Josh Hammonds. (Garcia Decl. ¶ 22, Ex. 4, ECF No. 37-1 at 42.)  Ms. Garcia indicated Plaintiff did not anticipate needing more than 4 hours with the individuals listed at Nos. 3-9 and offered to schedule two such depositions per day; and also notified Defendants that given the proximity of the non-expert discovery cut-off (July 29, 2023) and the pending discovery, Plaintiff intended to seek an extension of the discovery cutoff of 30-60 days.  (Id.)  Plaintiff asked if Defendants were agreeable to stipulating to modify the scheduling order accordingly; otherwise, Plaintiff would be filing a motion seeking this relief.  (Id.)  On June 29, 2023, Defendants replied stating that they would look into this and get back to Plaintiff.  (ECF No. 37-1 at 41.)

On July 3, 2023, Plaintiff sent an email to Defendants following up on her request to modify the scheduling order and advising that she would have to file her motion by July 5, 2023. (Garcia Decl. ¶ 23, Ex. 4.)  On July 5, 2023, Defendants' counsel replied stating that they would connect with Defendants and get back to Plaintiff.  (Id.)  On July 7, 2023, the parties met and conferred telephonically regarding Defendants' discovery responses.  (Garcia Decl. ¶ 22, Ex. 5, ECF No. 37-1 at 43.)  On July 10, 2023, the parties had a follow up meet and confer call regarding the same.  (Garcia Decl. ¶ 24.)  Defendants proposed a limited stipulation to continue the discovery cutoff – only as to the following depositions: Rule 30(b)(6) with the topics to be discussed; Justin Lamb; Berenice Vega; Joshua Clack; and Josh Hammonds.  Defendants indicated they would not agree to the deposition of Jennifer Solecki, alleging she was a higher HR person and did not have any participation in the facts underlying Plaintiff's claims; would not agree to the deposition of Kellee Cotton-Higgenbotham claiming her deposition testimony would be duplicative of Berenice Vega's; and did not agree to the deposition of Mario Aranda and Benjamin Arroyo but did not provide any reason.  Defendants' counsel further indicated that they were unavailable for depositions in August since they would be in trial and proposed to push all deadlines by 90 days.  Plaintiff agreed and Defendants' counsel was to prepare a

---

does not translate identically with the federal rule.").  "While a Rule 30(b)(6) deponent must be a person with 'knowledge,' either personal or acquired, there is no requirement that the person designated be 'most knowledgeable.' "  Century 21 Real Est., 2012 WL 2116409, at *2 n.3.

1  stipulation with a revised schedule.

2       On July 19, 2023, Defendants provided the draft stipulation to continue the case

3  deadlines for Plaintiff's changes or approval. (Garcia Decl. ¶ 25, Ex. 6, ECF No. 37-1 at 47-61,

4  Ex. 7, ECF No. 37-1 at 62-66.) Plaintiff "only added the Rule 30(b)(6) deposition and Plaintiff's

5  right to seek additional discovery if the depositions or the further responses WinCo had agreed to

6  serve revealed the need for such additional discovery and returned the redlined stipulation to

7  Defendants on July 21, 2023." (Garcia Decl. ¶ 25, Ex. 6, Ex. 8, ECF No. 37-1 at 68-71.)

8       On July 26, 2023, Defendants took Plaintiff's deposition, and Plaintiff proffers that

9  Plaintiff's counsel, Mr. Eldessouky followed up with the stipulation at Plaintiff's deposition.

10  (Pl.'s Opp'n 9.)[8]  On July 26, 2023, Defendants' counsel, Kristina Luney, who Plaintiff

11  emphasizes "*had not previously been involved in any communications regarding discovery*,

12  called Plaintiff's counsel, Ms. Garcia, to discuss the stipulation." (Pl.'s Opp'n 10 (emphasis in

13  original).) Ms. Luney indicated that they could not agree to the Rule 30(b)(6) deposition without

14  knowing the topics. (Id.; Garcia Decl. ¶ 27.) Ms. Garcia informed Ms. Luney that Plaintiff's

15  deposition revealed that several individuals were extensively involved in the events leading up to

16  Plaintiff's termination and have significant relevant information, and thus Plaintiff was also

17  requesting that Winco agree to extend the discovery cutoff for the depositions of Kellee Cotton-

18  Higgenbotham, Jennifer Solecki, and Mary Moxley. (Pl.s Opp'n 10, Garcia Decl. ¶ 27.)[9]  After

19  this call, Ms. Garcia sent an email to Defendants with the Rule 30(b)(6) deposition topics and

20  explaining the need for the depositions of Ms. Higgenbotham, Ms. Solecki and Ms. Moxley.

21  (Garcia Decl. ¶ 27, Ex. 6.)

22       Plaintiff proffers that Ms. Luney replied: "I've taken a quick look at this and immediately

23  see that many of the PMQ topics are not at all relevant to the facts or claims in this case. Please

24  _____

25  [8]  Although Plaintiff additionally cites to the declaration of Mohamed Eldessouky here (Pl.'s Opp'n 9), it does not
appear Plaintiff attached such declaration to the opposition brief. Further, Plaintiff's briefing also cites to Ms.
Garcia's declaration at paragraph 26. (Pl.'s Opp'n 9.) However, Ms. Garcia's declaration skips from paragraph 25

26  to 27, and does not contain any such information. (See ECF No. 37-1 at 8-9.)

27  [9]  Plaintiff again cites to the declaration of Mohamed Eldessouky here, however it was not attached, and Plaintiff
cites to paragraph 25 of the Garcia declaration, however all such information is contained in paragraph 27. (Pl.'s

28  Opp'n 10.)

revise it to something more reasonable and relevant for us to consider." (Pl.'s Opp'n 10; Garcia Decl. ¶ 27, Ex. 6.)[10]  Plaintiff proffers Ms. Garcia informed Ms. Luney that the topics were narrowly tailored to the claims in the case and requested that Defendants please identify which topics WinCo believes are not relevant, but state Defendants never replied to this request.  (Id.)

On July 27, 2023, Defendants' counsel provided a further revised stipulation.  (Pl.'s Opp'n 10; Garcia Decl. ¶ 28; Ex. 6, ECF No. 37-1 at 57; Ex. 9, ECF No. 37-1 at 72.)  Defendants advised that while they have objections to the proposed PMQ topics, they would agree to Plaintiff's request of a PMQ deposition and would further meet and confer regarding an appropriate scope of topics.  (Ex. 6, ECF No. 37-1 at 57.)  Defendants additionally agreed to "extend the fact discovery cut-off to allow Plaintiff to take the deposition of Mary Moxley and Kellee Cotton- Higgenbotham," but refused to agree to the deposition of Jennifer Solecki.  (Id.)  Defendants provided a further edited stipulation reflecting these changes, however, Plaintiff emphasizes that this stipulation now included, for the first time, an extension on the discovery cutoff for Defendants to take a second deposition of Plaintiff "to engage in additional discovery activities based on any issues  arising  from [Plaintiff's] deposition."  (ECF No. 37-1 at 54-55.)

Plaintiff made additional changes for Plaintiff to have the ability to engage in additional discovery activities based on any issues arising from depositions, like the Defendants, and allowing Plaintiff to take the deposition of Benjamin Arroyo, whose name was mentioned several times in Plaintiff's deposition.  (Id.)  Defendants refused to allow Plaintiff to take Mr. Arroyo's deposition or conduct any discovery other than the agreed depositions, and Defendants took the position that "we've lost the original intent of the stipulation, which was to allow Defendants to complete Plaintiff's deposition (and any follow-up discovery stemming from her deposition) and extend case deadlines given that the July 26 deposition date Plaintiff provided to Defendants was so close to the July 28 discovery cut-off."  (Id. at 54.)  Plaintiff states that Defendants refused to further meet and confer and forced Plaintiff to concede to all of Defendants' conditions.  (Pl.'s Opp'n 11.)

---

[10]  While Plaintiff references this statement from Ms. Luney, an email with this content is not contained in Exhibit 6, nor apparently anywhere in the attachments.

**C.    The Court shall Grant in Part and Deny in Part Defendants' Motion and Grant in Part and Deny in Part Plaintiff's Motion**

The Court does not find it necessary to further outline the parties' factual proffers and arguments as contained in later briefing materials.  Having laid out the main proffered timelines as stated in the parties' initial filings, the Court now turns to analyze the facts under the relevant legal standards and will address the parties' further proffered or emphasized facts and arguments as stated in later filings, as necessary below.

1.    <u>Defendants' Motion Shall be Granted in Part and Denied in Part</u>

The Court agrees with Defendants that the record shows that beginning on April 28, 2023, Defendants requested execution of a HIPAA authorization no less than ten times to obtain; that Plaintiff failed to respond; and that it was not until Defendants were forced to file a motion to compel that Plaintiff provided the executed authorization.  Similarly, the records shows Defendants requested Plaintiff's deposition availability no less than ten times; Plaintiff finally provided her soonest availability the week of the July 29, 2023, discovery cut-off; and that Defendants have been reasonably diligent in pursuing their discovery.  Plaintiff's arguments as to Defendants' diligence in this regard are unavailing.

Therefore, the Court finds Defendants have sufficiently demonstrated diligence and good cause, in relation to Plaintiff's delay in communications regarding the HIPPA authorization and associated need to prepare and set the deposition of Plaintiff, as to justify granting Defendants' motion for a first modification of the scheduling order to extend the discovery deadlines and other dates contained in the scheduling order to complete the discovery as related to Plaintiff's deposition and the discovery that may flow therefrom.   <u>J.M. v. Cnty. of Stanislaus</u>, No. 118CV01034LJOSAB, 2019 WL 6879676, at *13 (E.D. Cal. Dec. 17, 2019) ("Although it may have been more pragmatic for Defendants to move to compel for the authorization form earlier, or to file the motion to reopen discovery immediately after the failure to obtain a stipulation to do so on November 8, 2019, and November 14, 2019 (Mot. Reopen 9), the Court finds Defendants were reasonably diligent, particularly in light of the continued failure of Plaintiffs to provide the authorization form despite repeated requests and assurances to do so, and without

any apparent explanation offered to the Court for such failure.").

Additionally, Plaintiff's argument that Defendants have failed to establish diligence with respect to the extension of the dispositive motion filing deadline fails for similar reasons.  The Court agrees with Defendants that Defendants cannot reasonably be expected to file a dispositive motion when Plaintiff's deposition remains outstanding; that Defendants made numerous attempts to secure Plaintiff's deposition date; and that had Plaintiff timely responded, Defendants would have had the opportunity to complete her deposition and prepare a dispositive motion by the current deadlines.

Accordingly, Defendants' *ex parte* motion shall be granted in part and denied in part.[11] The Court now turns to consider Plaintiff's motion.

2.     Plaintiff's Motion Shall be Granted in Part and Denied in Part

In part, Defendants argue Plaintiff's requests made in opposition are procedurally improper, and emphasize that by the time Plaintiff filed her own *ex parte* motion, the nonexpert discovery deadline had expired and thus a higher standard for modifying the scheduling order applies, which Plaintiff cannot meet.  The Court finds the relationship between the course of negotiation leading up to Defendants' *ex parte* motion filed on the eve of the discovery deadline, the Court's order setting a briefing schedule, the Plaintiff's filing of an opposition pursuant thereto, and the Plaintiff's filing of her own *ex parte* motion thereafter, impacts the six factor analysis for the reasons explained below.

Defendants correctly argue there was a lack of diligence leading up to June of 2023, from the new law firm overall.  Overall, it appears undeniable from Plaintiff's own briefing that Plaintiff's new law firm as a whole did little to nothing between the end of February of 2023, and until the end of June 2023.  (See Pl.'s Mot. 7 (noting previous counsel indicated in January of 2023 that new counsel would be entering in the case, noting previous counsel informed Defendants that Mr. Eldessouky was retained on or about February 24, 2023, and indicating that Ms. Garcia began assisting with the litigation on or around June 20, 2023, began reviewing the

---

[11]  The denial in part to Defendants' motion is in regards to Defendants' request that the nonexpert discovery deadline *only* be extended for the sole purpose of Plaintiff's deposition.  The deadline will be extended for all parties, but under the limitations expressed below.

1   need for discovery, and communicating with Defendants on or around June 28, 2023).)

2          Thus, if for example, Plaintiff had moved for an extension of the discovery deadline

3   sometime toward the end of June 2023, or in July of 2023, the Court would have largely been

4   disinclined to extend the nonexpert discovery deadline for the large number of depositions that

5   Plaintiff requested at the end of June 2023.   See Lopez v. Am. Fire & Cas. Co., No.

6   120CV01418JLTSAB, 2022 WL 504977, at *5 (E.D. Cal. Feb. 18, 2022) ("Other than generally

7   stating they became lead counsel in the beginning of January 2022, Plaintiff's counsel have not

8   demonstrated why certain positions concerning depositions and extending the discovery

9   deadlines to complete such depositions were communicated to Defendant in October of 2021,

10  and why those positions have changed. The Court cannot find diligence based on the record

11  before it.").  In this regard, the Court reminds both parties that the Court's scheduling order has a

12  presumption against allowing modifications of set discovery deadlines where the parties did not

13  ensure sufficient time to serve the discovery, meet and confer, and make motions to the Court

14  *with sufficient time* to obtain relief from the Court before the expiration of the relevant deadline:

> The parties are cautioned that the discovery/expert cut-off
> deadlines are the dates by which all discovery must be completed.
> Absent good cause, discovery motions will not be heard after the
> discovery deadlines. Moreover, absent good cause, the Court will
> only grant relief on a discovery motion if the relief requested
> requires the parties to act before the expiration of the relevant
> discovery deadline.  In other words, discovery requests and
> deposition notices must be served sufficiently in advance of the
> discovery deadlines to permit time for a response, time to meet and
> confer, time to prepare, file and hear a motion to compel and time
> to obtain relief on a motion to compel. Counsel are expected to
> take these contingencies into account when proposing discovery
> deadlines. Compliance with these discovery cutoffs requires
> motions to compel be filed *and heard* sufficiently in advance of the
> discovery cutoff so that the Court may grant effective relief within
> the allotted discovery time.  A party's failure to have a discovery
> dispute heard sufficiently in advance of the discovery cutoff may
> result in denial of the motion as untimely.

25  (ECF No. 19 at 3.)  Thus, the Court largely agrees that, as Defendants highlight (Defs.' Opp'n 4),

26  that Plaintiff apparently made little to zero effort in conducting affirmative discovery between

27  March of 2023 and June of 2023.

28          However, the Court finds it significant that the Plaintiff could have presumably noticed at

least some depositions to occur in July before the discovery cutoff, if counsel had proceeded with noticing such depositions after emailing Defendants on June 28, 2023, and requesting availability for the nine depositions before the nonexpert discovery cutoff date on July 28, 2023.  (Pl.'s Mot. 7-8.)  Even then though, this would have left little time to ensure the discovery is completed and for any necessary motions, as the Court's scheduling order cautioned.  (ECF No. 19 at 3.)

The parties then engaged in filing cross-motions to compel discovery, and engaging in some apparently fruitful negotiations to continue the discovery deadlines to allow for the completion of depositions.  As early as July 10, 2023, Defendants agreed to extend the discovery deadlines, and to stipulate to allow a limited number of depositions, namely: (1) Rule 30(b)(6) PMQ, but subject to clarifying the topics to be discussed; (2) Justin Lamb; (3) Berenice Vega; (4) Joshua Clack; and (5) Josh Hammonds.  Then, on July 14, 2023, the parties agreed they would submit a stipulation extending discovery by 90 days and allow Plaintiff to take the depositions of these named individuals, but no agreement as the 30(b)(6) deposition was made. Negotiations appeared to begin to breakdown around July 19-21, 2023, given Plaintiff's first attempting to add the 30(b)(6) deposition to the draft stipulation, and adding the right to conduct additional discovery if the depositions or the further responses WinCo had agreed to serve revealed the need for such additional discovery.  Following the deposition of Plaintiff, Plaintiff's counsel then also attempted to add additional depositions given the deposition testimony, including Kellee Cotton-Higgenbotham, Jennifer Solecki, who were named in the initial June 28 email, and Mary Moxley.

Negotiations further broke down around July 26-27, 2023, although draft stipulations were still being exchanged, with Defendants providing a revised stipulation on July 27, 2023. On that date, Defendants' counsel agreed as follows:

> Attached is a further revised stipulation.  While we have objections to the proposed PMQ topics, we will agree to your addition of a PMQ deposition and further meet and confer with you regarding an appropriate scope of topics.

> WinCo will not agree to your renewed request to depose Jennifer Solecki. Plaintiff's deposition did not reveal that Solecki was "extensively involved" in the events leading up to Plaintiff's termination. Solecki was not even mentioned during Plaintiff's

1

deposition. Moreover, Solecki was not the termination decision maker as you contend - Justin Lamb was.

2

3

In the spirit of compromise, WinCo will agree to extend the fact discovery cut-off to allow Plaintiff to take the deposition of Mary Moxley and Kellee Cotton-Higgenbotham.

4

5

Let us know if you'd like to further discuss. Otherwise, please let us know if you agree to the stipulation by end of day.

6

(ECF No. 38-2 at 114.)

7

8          Thus, the Court cannot find such a lack of diligence during the period between June 28,

9    2023, and the filing of Defendants' *ex parte* motion on the eve of the discovery deadline, as to

10   foreclose Plaintiff's ability to at least conduct some of the depositions initially communicated

11   one month prior to the discovery deadline.  Indeed, on July 28, 2023, the day before the Saturday

12   July 29, 2023 discovery cutoff, Defendants acknowledge they continued to negotiate, and at 5:07

13   p.m., informed Plaintiff that they were agreeable to submitting the stipulation that Defendants

14   last sent to Plaintiff, but Plaintiff did not respond, and thus no final agreement or stipulation was

15   submitted to the Court, and thus Defendants filed their *ex parte* motion on July 28, 2023, before

     the July 29 deadline expired.  (Defs.' Opp'n 5.)

16

17          It is true that Plaintiff did not file her own *ex parte* motion to continue the discovery

18   deadline until August 7, 2023.  However, the Court considers the course of negotiation leading

19   up to the discovery deadline, as well as the limited timeframe after the expiration of the

20   discovery deadline and between the filing of Defendants' *ex parte* motion, the filing of Plaintiff's

21   opposition, and the filing of Plaintiff's own *ex parte* motion.  After the filing of Defendants' *ex

22   parte* motion on the eve of the discovery deadline, the Court set a briefing schedule and also

23   informed the parties regarding the informal discovery dispute process, and that the parties could

24   stipulate to a briefing schedule on the motion.  Thereafter, the parties were in communication

25   with the Court regarding the willingness to participate in the informal discovery process and

26   whether they would stipulate before Plaintiff filed her opposition and own *ex parte* motion.

27   Thus, the Court cannot find a total lack of diligence foreclosing Plaintiff from bringing their own

28   *ex parte* motion under the timeline that occurred.  If Defendants' position as to the filing of the

1   Plaintiff's motion after the deadline were adopted, the result would be detrimental reliance by
2   Plaintiff on such negotiation prior to the discovery cutoff.

3          In other words, given the course of meet and confer and extensive communications and
4   negotiations prior to the Defendants' submission of the *ex parte* motion on the eve of the
5   discovery deadline, the Court cannot say it is apparent that Plaintiff's later-filed motion does not
6   acknowledge the importance of the deadline, nor that the Plaintiff "paid no attention at all to the
7   deadline," as to require the stricter post-discovery cutoff standard to mandate denial.  See W.
8   Coast Theater Corp., 897 F.2d at 1524 ("The difference [between the two types of requests] is
9   considerable" because "a request for an extension acknowledges the importance of a deadline,
10   [while] a retroactive request suggests that the party paid no attention at all to the deadline.").  But
11   for Plaintiff's reliance on ongoing negotiations regarding the extension of discovery for some
12   limited purposes, the Court cannot say Plaintiff would not have filed her own motion well before
13   the discovery cutoff.

14          Again, when ruling on a motion to amend a Rule 16 scheduling order to reopen
15   discovery, the Court is to "consider the following factors: 1) whether trial is imminent, 2)
16   whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4)
17   whether the moving party was diligent in obtaining discovery within the guidelines established
18   by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed
19   for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant
20   evidence."  City of Pomona, 866 F.3d at 1066.  While the Court now proceeds to weigh these
21   factors given the Plaintiff's own *ex parte* motion was not filed until after the nonexpert discovery
22   deadline closed, the Court's analysis of the factors and particularly diligence, is impacted by the
23   above timeline and facts.

24          First, trial is not imminent, as the Court has already determined it will grant the
25   Defendants' motion to continue the trial date so that they may complete their necessary
26   discovery in relation to Plaintiff's deposition.  This factor also does not weigh heavily given the
27   proximity between the filed motion and the deadline that expired.

28          Second, while the request is vociferously opposed at this juncture, there was some

agreement in the month of July through the course of negotiation that the Court believes is relevant to the consideration of this factor, at least in relation to the Defendants' argument that the fact Plaintiff filed after the deadline clearly weighs against Plaintiff.  As the facts above show, any weight against Plaintiff is lessened given the Defendants' filing the motion on July 28 after a final email to Plaintiff around 5 p.m.; and the somewhat limited time period after Defendants' motion was filed, in relation to the Court's order setting a briefing schedule and advising regarding the ability of the parties to stipulate to a briefing schedule on the motion and informal discovery process.  Although Defendants are correct they should not be faulted for engaging in the meet and confer process when they were mainly opposed to Plaintiff's attempts to extend the deadline for broad swaths of discovery (Defs.' Opp'n 10-11), the course of negotiation and Plaintiff's reliance on such during the month of July must carry some weight on this factor of opposition.  In other words, Plaintiff similarly should not be faulted for the ongoing engagement in the meet and confer process that occurred during July, and the Court in this order works to balance the appropriate amount of discovery that should be reasonably allowed under such circumstances.

As for prejudice, Defendants argue the request to conduct ten depositions is unduly burdensome and prejudicial, as Defendants have already expended significant resources attempting to complete discovery and come to an agreement with Plaintiff (Defs.' Opp'n 11), and the discovery would burden these witnesses, Defendants' business, and force Defendants to expend significant resources on these unnecessary depositions.  While Defendants will have to face the costs of additional discovery, prejudice is somewhat slight given the trial schedule is already going to be moved pursuant to Defendants' motion and need for their own discovery and the fact that at least in July, before the deadline, Defendants were willing to stipulate to a portion of the Plaintiff's request.  The Court finds it reasonable to allow Plaintiff to complete the depositions that the parties at least agreed to as part of their draft stipulation made before the discovery cutoff.

To lessen the burden on Defendants, the Court finds it appropriate to restrict the depositions to three (3) days total, as discussed below.  To further lessen potential prejudice and

1  windfall to the Plaintiff, the Court additionally does not find it proper to allow Plaintiff to
2  proceed into *any* additional discovery that was not agreed to in spirit by the parties before such
3  cutoff.  This is because even if Plaintiff *had* noticed the depositions beginning around the time of
4  the first email from Ms. Garcia at the end of June, as to any discovery related to facts uncovered
5  in such depositions as flowing from therein, Plaintiff would not have had time to properly
6  complete such *additional* discovery before the cutoff.  Again, if Plaintiff had made a motion to
7  extend discovery at that time, Plaintiff likely would not have been able to demonstrate diligence
8  in scheduling the depositions early enough as to allow for the proper completion of such
9  discovery and discovery flowing therefrom, let alone even have time to move to compel or have
10 motion work surrounding such discovery.  (See Scheduling Order, ECF No. 19 at 3.) .  This
11 Court cannot ignore those times when Plaintiff was not affirmative in its discovery.  Re-set is not
12 an option here.

13         As for the determinative factor of diligence, as stated herein, consideration of Plaintiff's
14 initial communication in the end of June, along with the course of negotiation and reliance
15 during July on the developing agreements made between the parties, weigh toward allowing the
16 tentatively agreed upon depositions, subject to the below limitations.

17         Relatedly, as for the factor of foreseeability of the need for additional discovery in light
18 of the time allowed for discovery by the district court, this factor would generally cut against
19 Plaintiff in that it was certainly foreseeable that Plaintiff needed to conduct discovery and
20 depositions earlier than the end of June when Ms. Garcia initially requested availability for the 9
21 depositions, however, the Plaintiff's reliance on the course of negotiation weighs toward granting
22 the ability to conduct some of the depositions tentatively agreed to before the discovery cutoff.

23         Finally, as for the likelihood that the discovery will lead to relevant evidence, the Court
24 finds Plaintiff has made a sufficient enough showing of relevancy as to the requested
25 depositions, however, in consideration of the totality of the circumstances and the legal factors,
26 the Court restricts the expansiveness of the discovery sought as stated below.

27         Thus, for the reasons explained above, the Court will grant Plaintiff's motion in part, and
28 deny it in part.

**V.**

**ORDER**

Accordingly, for all of the above reasons, IT IS HEREBY ORDERED that:

1.     Defendants' *ex parte* motion is GRANTED in part and DENIED in part;

2.     Plaintiff's *ex parte* motion is GRANTED in part and DENIED in part;

3.     The scheduling order is modified as follows:

     a.   Non-Expert Discovery Deadline: **October 26, 2023**[12];

     b.   Dispositive Motion Filing Deadline: **November 16, 2023;**

     c.   Expert Disclosure Deadline: **January 18, 2024**;

     d.   Supplemental Expert Disclosure Deadline: **February 7, 2024**;

     e.   Expert Discovery Deadline: **March 4, 2024**;

     f.   Pretrial Conference: **April 5, 2024**, at **9:30 a.m.**, in Courtroom 9;

     g.   Trial: **June 4, 2024**, at **8:30 a.m.**, in Courtroom 9; and

4.     All other aspects of the scheduling order continue to remain in effect.

IT IS SO ORDERED.

Dated:   **August 18, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[12]   During the extended nonexpert discovery period, Plaintiff may take the following depositions: (1) 30(b)(6) witness; (2) Justin Lamb; (3) Berenice Vega; (4) Joshua Clack; (5) Josh Hammonds; (6) Mary Moxley; and (7) Kellee Cotton-Higgenbotham.   Plaintiff shall complete the depositions of her choice but will be limited to completing all such depositions over a maximum of three days.   As for the topics for the 30(b)(6) deposition, the Court directs the parties to meet and confer regarding the topics, however, if Defendants had previously submitted a final list of permissible topics during the above described course of negotiations, the Defendants' final proposal shall be the topic list.   The parties shall remain cognizant of the standards applicable to the 30(b)(6) deposition, as different from the PMQ/PMK standards under California law, as the Court noted above.   See Cannavan, 2021 WL 4945186, at *5; Century 21 Real Est., LLC, 2012 WL 2116409, at *2 n.3.   Finally, Plaintiff shall not be allowed to conduct further discovery that flows from these depositions nor the Defendants' supplemental discovery responses. In other words, Plaintiff's discovery over this period shall be limited to completing her choice of depositions over a three-day period.